## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JLC-TECH LLC,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No. SAG-20-01203** |
| | * | |
| **NORTH AMERICA LIGHTING, LLC,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On May 12, 2020, JLC-Tech LLC ("JLC") sued North America Lighting, LLC ("NAL"), alleging patent infringement. ECF 1. Presently pending is NAL's motion to stay this litigation, pending resolution of a case filed in the United States District Court for the Southern District of New York, *Shenzhen OKT Lighting Co., Ltd. v. JLC-Tech LLC*, Civil No. 20-5062 (filed July 1, 2020) ("the SDNY case"). ECF 21. JLC opposed the motion to stay, ECF 22, and NAL filed a reply. ECF 29. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons explained below, NAL's Motion to Stay is granted, and NAL's Motion for Protective Order, ECF 30, is denied as moot.[1]

## I.   FACTUAL BACKGROUND

JLC, a company based in Massachusetts, holds a patent for certain LED lighting technology, U.S. Patent No. 10,508,805. ECF 1 ¶ 1. According to JLC's Complaint, NAL is a Maryland limited liability company that maintains a regular and established place of business in Manassas, Virginia. *Id.* ¶¶ 6, 7. JLC alleges that NAL imports and offers for sale two lighting

---

[1] JLC also filed an opposition to the Motion for Protective Order, which this Court has reviewed. ECF 38.

products that infringe JLC's patent ("the accused products"). *Id.* ¶¶ 30, 36, 42.  Both accused products are manufactured by Shenzhen OKT Lighting Co., Ltd. ("Shenzhen OKT") in China. *Id.* ¶ 38.  In its Complaint, JLC seeks, among other relief, a declaration "that at least claim 1 of U.S. Patent No. 10,508,805 is valid, enforceable, and infringed by Defendant," in addition to actual damages and an injunction prohibiting NAL from making, using, selling, offering for sale, or importing the accused products. *Id.* at 15-16.

Roughly six weeks after JLC filed its Complaint against NAL, Shenzhen OKT filed the SDNY case against JLC, seeking declaratory judgments of non-infringement, invalidity, and unenforceability of U.S. Patent No. 10,508,805.  ECF 21-2.  NAL now seeks to stay the instant litigation, pending resolution of the substantially similar issues in the SDNY case.

## II.   ANALYSIS

"Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982).  This "first-to-file" rule is intended to advance judicial efficiency, by avoiding duplicative litigation. *In re Google Inc.*, 588 F. App'x 988, 990 (Fed. Cir. 2014).  It is uncontested that the two cases at issue here address the validity and enforceability of the same patent, and that the instant action was filed before the complaint in the SDNY case.

However, a longstanding exception to the general "first-to-file" rule is the "customer suit exception," which provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) (unpublished) (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)).  "Generally speaking, courts apply the customer suit

exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). NAL asserts that the exception applies here, and that the instant case should be stayed because NAL is a mere customer of the alleged infringing manufacturer, Shenzhen OKT. The decision whether to stay the case falls within this Court's broad discretion to manage its docket. *See, e.g.*, *Whelen Techs., Inc. v. Mill Specialties, Inc.*, 741 F. Supp. 715, 715-16 (N.D. Ill. 1990) (applying the customer suit exception and noting "a court has the discretion to stay a proceeding in the interest of judicial economy").

Courts have described several purposes underlying the customer suit exception. First, the exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (quoting *Codex Corp. v. Milgo Elec. Crop.*, 553 F.2d 735, 73738 (1st Cir. 1977)). The second purpose is to guard against forum shopping by the patent holder, who could select to file against a single customer located in a favorable district, ignoring the "manufacturer's presumed greater interest in defending its actions against charges of patent infringement." *BBC Int'l Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 443 (E.D.N.Y. 2006) (quoting *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). In considering whether to stay a case pursuant to the customer suit exception, courts consider factors including (1) the potential of the manufacturer case (the SDNY case here) to resolve the major issues in the consumer suit, (2) whether the issue of infringement would have to be re-litigated against the consumer even if the patent holder prevails against the manufacturer, and (3) whether the customer will be bound by the result of the manufacturer case. *See, e.g.*, *Katz*, 909 F.2d at 1464; *Kahn*, 889 F.2d at 1081.

Here, while NAL has not agreed to be bound by the outcome of the SDNY case, if the SDNY case ultimately finds that JLC's patent is invalid, or that Shenzhen OKT's products do not infringe, then JLC's case against NAL will be precluded by collateral estoppel. *See In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1376-79 (Fed. Cir. 2020). Similarly, findings of both validity and infringement by Shenzhen OKT will substantially narrow the issues to be litigated in the instant case.

The first purpose of the customer suit exception, allowing the alleged infringing manufacturer to advance its own significant interests in challenging the patent, weighs strongly in favor of a stay in this matter. There is no allegations or evidence that NAL is a unique or exclusive importer of the accused products, or that it has a particularly acute interest in defending Shenzhen OKT's ability to manufacture the products in question. Both cases turn on the validity and enforceability of JLC's patent. Shenzhen OKT, while based in China, has filed a declaratory judgment action in the U.S. courts, indicating its intent to appear and to challenge the validity of the patent.

The second purpose of the customer suit exception, avoidance of forum shopping and selection of a convenient district, is less compelling here. As a foreign-based company, Shenzhen OKT has no clear "home district" in which litigation would be preferable. *See generally Daimler AG v. Bauman*, 571 U.S. 117, 125-33 (describing the exceedingly narrow possibility that a foreign corporation will be considered "at home" in a U.S. state). Nevertheless, it chose to file in a district that appears to have no particular tie to the parties to this litigation, because it is also not the home district of JLC. *See* ECF 22 at 5 (stating that JLC is registered in Massachusetts, JLC's principal place of business is Massachusetts, and its managing members also reside in Massachusetts). Because NAL is, by JLC's own allegations, a mere customer of Shenzhen OKT (and possibly one

of many such customers), the fact that Maryland is NAL's home district does not make it a particularly convenient venue for this litigation either.    There is thus no "stark contrast in relevance, convenience, and fairness between the two venues."  *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).  Weighing the relevance and convenience of the two choices does not result in a strong preference for either possible venue, even if some degree of forum shopping may have occurred on both sides.

JLC argues that it has a "special interest" in pursuing this case against NAL, because it will be easier to enforce injunctive relief and collect a judgment against a domestic entity.  ECF 22-1 at 2-4.  The stay of this litigation pending resolution of the SDNY case will not foreclose JLC from expeditiously pursuing relief against NAL, should its patent be deemed valid and enforceable.  The stay will simply conserve resources and eliminate the possibility of inconsistent results by allowing Shenzhen OKT and JLC to litigate the validity of the patent before resolving the case against the customer, NAL.

The case cited by JLC to establish its "special interest," *Static Control Components, Inc. v. Future Graphics, LLC*, Civil No. 1:08CV109, 2009 WL 10680193 (M.D.N.C. Jan. 28, 2009), is readily distinguishable.    In *Static Control*, the defendant customer was importing infringing products from multiple manufacturers, meaning litigation against one manufacturer would not dispose entirely of the case.  *Id.* at *2 (noting that "[p]reventing the manufacture of the allegedly infringing chips would require multiple lawsuits and enforcement of judgments in multiple countries").  The Court therefore found that the customer suit exception should not apply, given the patent holder's special interest in deterring "U.S.-based suppliers from purchasing infringing [products] from foreign companies and distributing them in the United States."  *Id.*  Here, there is no allegation that NAL is purchasing allegedly infringing products from any source other than

5

Shenzhen OKT, making the task of seeking relief against the manufacturer far simpler, and the utility of a suit against a mere consumer less compelling.

This Court will not opine as to whether the Court in SDNY can properly exercise personal jurisdiction over JLC, or whether SDNY is an appropriate venue to decide the dispute between Shenzhen OKT and JLC. Those decisions should be made by the New York court, and apparently will be made in the context of a pending motion to dismiss. In the interest of avoiding duplicative litigation, however, this Court will stay the instant action during the pendency of the SDNY case. If the SDNY case is dismissed on grounds of jurisdiction or venue, or is terminated for any other reason, the stay will be lifted.

## III.    CONCLUSION

For the reasons set forth above, NAL's Motion to Stay, ECF 21, is GRANTED, and NAL's Motion for Protective Order, ECF 30, is DENIED as moot. A separate Order follows.


Dated:  August 20, 2020

                                                                                    /s/
                                                                    _____
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge